NASHVILLE & C. R. CO. (HALL v.).　See Case No. 5,940.

---

## Case No. 10,024.

### NASON et al. v. UNITED STATES.

[1 Gall. 53.] [1]

Circuit Court, D. Massachusetts.　May Term, 1812.

SALE—BILL OF SALE—CONSTRUCTION—QUESTION OF LAW.

The court have a right to instruct the jury as to all questions of law growing out of the facts of the cause.　The construction of a bill of sale is a question of law.

[Error to the district court of the United States for the district of Maine.]

At law.

C. Jackson, for plaintiff in error.
G. Blake, for the United States.

DAVIS, District Judge. The bill of exceptions in this case is grounded on an alleged error of the district judge, in Maine district, before whom the cause was tried, in his direction to the jury, in two particulars: 1. As to the operation of a bill of sale of a moiety of the offending vessel, from Maxwell to [Benjamin] Nason, one of the plaintiffs in error. 2. In regard to the evidence respecting Atkinson, the other plaintiff in error.

In regard to the first exception, it does not appear to be relied on by the counsel in this court, and it undoubtedly belonged to the judge to declare his opinions relative to the legal effect of the bill of sale in question in application to the action. As to the second objection, when this record was read, the court had an impression, that the judge had directed the jury, as to the weight of evidence, and that he had so far interfered with their exclusive province. But on a careful examination of the whole record, it does not appear, that the direction of the judge was erroneous. He declared and delivered an opinion to the jury (says the bill of exceptions), "that the several matters so produced and proved were sufficient to prove the issue aforesaid. on the part of the plaintiffs." It is not understood, that the judge declared the said several matters to be proved. That must be supposed to have been left to the jury to determine, unless admitted. But the bill of exceptions seems to admit the said matters to have been proved,

and the judge must be considered as only declaring their legal operation. So with respect to Wells. The judge declares, "that Wells ought by law to be considered as the said Atkinson's agent, in all concerns respecting said vessel and cargo." The question appears to have been, as contemplated and embraced in the direction given by the district judge, not as to the existence of the acts of Wells; they must be considered as left to the jury to determine, or so fully proved, that they were not questioned. But the direction ought to be viewed as declaring the legal operation and extent of those acts. This it was competent to the judge to direct, and to declare, if such were his opinion, "that the acts of Wells ought to be considered as the acts of Atkinson." That the court is to judge of the law, and the jury to determine facts, is a rule so familiar, and so generally respected, that I do not recollect a writ of error grounded on its alleged violation. In summing up a cause to a jury, many facts are often so clearly proved, or remain uncontested, that the judge assumes them as a basis of argument, without suggesting to the jury their known and unquestionable right that they are to determine as to the truth of the facts alleged. But an ultimate reference to the opinion of the jury, as to any such facts, is always understood to be implied. If the court, in their direction, should undertake to give a decided opinion, as to the truth of an alleged fact, which is contested, it would undoubtedly be wrong, from its probable influence on a jury, though the right of the jury, notwithstanding such direction, would remain unimpaired. But from a full view of the record in this case, the court cannot infer, and ought not to presume, that the district judge did thus exceed his legitimate authority. The fair and just construction is, that he merely declared the legal operation of facts proved, and which the bill of exceptions admits to have been proved. Judgment affirmed.